IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | Criminal No: 2:21-cr-00712 |
| vs. | |
| | **SENTENCING MEMORANDUM** |
| **TYRELL HARRIS** | |

On July 11, 2022, Defendant Tyrell Harris pled guilty to Count 2 of the Indictment against him pursuant to a written plea agreement. The United States submits this memorandum in advance of Harris' sentencing. The United States Probation Officer ("USPO") determined that the total offense level for Harris is 30, which results in a guideline range of 91 to 121 months. The Government believes the Presentence Investigation Report ("PSR") properly calculated the Guidelines. Moreover, the Government believes that based on an evaluation of the 18 U.S.C. § 3553(a) factors a Guidelines sentence is an appropriate sentence in this case.

I.      BACKGROUND.

In October 2021, Harris was named in a six-count indictment. ECF No. 3. Also named in the indictment was Harris' co-conspirator, Errol Garfield Durrant. Harris pled guilty to Count 2 of the Indictment – mail fraud.

The facts giving rise to the Indictment pertain to Harris and Durrant's roles in a telemarketing scam. Essentially, Harris and his co-conspirators, beginning as early as 2016, would contact elderly victims and inform them that they had won millions of dollars or other items, such as cars or TVs. When Harris and his co-conspirators contacted the elderly victims, they would advise them that to collect their winnings, they first needed to pay taxes and fees. This representation regarding the payment of the bogus fees and taxes was to induce the elderly victims

to send Harris and his co-conspirators money. Once Durrant and Harris received their victim's money, they would deposit the funds into multiple banks accounts controlled by them. Further, the funds would be transferred among and between the multiple bank accounts and, in many instances, would be sent to Jamaica.

The investigation and prosecution revealed that Harris and Durrant solicited and/or received payments from at least 70 victims in approximately 15 different states. Moreover, many of the Defendants victims were elderly individuals. Through the scheme, Defendants solicited approximately $2.3 million from victims and received approximately $1.8 million.

In preparation for sentencing, the United States Probation Officer has prepared a PSR. The USPO found the total offense level for Harris is 30, which results in a guideline range of 97 to 121 months.

II.  **THE GOVERNMENT BELIEVES THAT AN EVALUATION OF THE STANDARDS SET FORTH IN 18 U.S.C. § 3553(a) WARRANTS A SENTENCE WITHIN THE ADVISORY GUIDELINES RANGE.**

The sentencing statute, 18 U.S.C. § 3553(a), requires the Court to impose a sentence that is "sufficient, but not greater than necessary," to comply with the purposes of sentencing.[1] In order to determine the "particular" sentence to impose, the Court must consider the familiar statutory factors listed in §3553(a)(1)-(7). Two of the statutory factors that the Court must consider are (1) the advisory guidelines range set by the Sentencing Commission and (2) the Commission's policy statements are factors to be considered. *See* §3553(a)(4) and (a)(5). Further, the Advisory

---

[1] Those purposes are the need for the sentence "(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." § 3553(a)(2)(A)-(D).

sentencing guidelines "should be the starting point and the initial benchmark" in determining the appropriate sentence. *See Gall v. United States*, 522 U.S. 38 (2007).

Here, as explained below, an examination of the § 3553(a) factors support a significant sentence for Harris. As will be discussed in more detail below, Harris and Durrant, his known coconspirator, targeted vulnerable victims and received at least $1.8 million through their scheme. A sentence within the advisory Guidelines range is appropriate and necessary to comply with the purposes set forth for sentencing pursuant to § 3553(a).[2]

A.  **Nature of Offense and History and Characteristics of Defendant – §3553(a)(1).**

*Nature of the Offense*

Harris' criminal conduct took skill and effort to allow him to effectuate his scheme to defraud elderly persons. Harris and Durrant would target elderly persons and advise them that they had won certain prizes; however, before the prizes could be redeemed, these elderly persons had to pay bogus taxes and fees. Harris' representations induced elderly persons to send money in the form of wire transmissions and checks. Once the money was received, Harris and Durrant would transfer money between various bank accounts to conceal the nature of the criminal activity. In many instances, the money would be sent to coconspirators in Jamaica. Based on the above, the Government would set forth that a Guidelines sentence sufficiently accounts for the seriousness of the offense.

---

[2] The Government would note for the purposes of this Sentencing Memorandum that Harris and Durrant were both charged in the Indictment pursuant to 18 U.S.C. § 2326, which mandates an enhanced penalty for up to five years if the defendant targeted persons over 55 and/or victimized more than 10 persons over the age of 55. As part of Harris' plea agreement, the Government agreed to dismiss this statute. Notwithstanding the dismissal, the Government believes the targeting of elderly persons certainly is a factor this Court should consider when imposing its sentence and evaluating the § 3553(a) factors.

    **B.    Need for the Sentence Imposed to Reflect the Seriousness of the Offense, to Promote Respect for the Law, and to Provide Just Punishment for the Offense, Afford Adequate Deterrence to Criminal Conduct, and Need for the Sentence Imposed to Protect the Public from Further Crimes of the Defendant – §3553(a)(2)(A)-(C).**

Economic crimes and white-collar offenses must be met with sentences commensurate with the seriousness of the crimes themselves. Any sentence less than a significant period of incarceration would promote a lack of respect for the law. Concern that "white-collar offenders … frequently do not receive sentences that reflect the seriousness of their offenses" was among the motivations for the Sentencing Reform Act that gave rise to the United States Sentencing Guidelines. S. Rep. No. 98-225 (1983), reprinted in 1984 U.S.C.C.A.N. 3182, 3260. Among the principal architects of the guidelines was Justice Stephen Breyer, an original member of the Sentencing Commission. He explained that the Guidelines required a "short but definite period of confinement" for all but "the least serious cases of these white-collar offenses (level '6' or less)[.]" Stephen Breyer, The Federal Sentencing Guidelines and the Key Compromises Upon Which They Rest, 17 Hofstra L. Rev. 1, 22 (1988). Not only did the applicable Guidelines reflect the severity of white-collar offenses, but it also resolved "significant disparities" observed in data gathered by the Commission on how white-collar crimes were treated at sentencing relative to equally-serious non-white-collar offenses in the pre-guideline era. *Id*. at 20.

In Harris' case, we are not in the arena of the least serious cases, and as such, imprisonment is not only called for but required. *See* USSG § 5C1.1. Moreover, a sentence of incarceration addresses the deterrence factor, which is so critical in corruption and fraud cases. Fraud is "'more rational, cool, and calculated than sudden crimes of passion or opportunity,' these crimes are 'prime candidate[s] for general deterrence.'" *United States v. Martin*, 455 F.3d 1227, 1240 (11th Cir. 2006) (quoting White–Collar Plea Bargaining and Sentencing After Booker, 47 Wm. & Mary L.Rev. 721, 724 (2005)). "Defendants in white collar crimes often calculate the financial gain and

4

risk of loss, and white-collar crime therefore can be affected and reduced with serious punishment." *Id*.

The fraud committed by Harris and Durrant is a serious offense, and a significant period of incarceration is necessary to promote just respect for the law and deter future conduct.

### C.    The Need to Avoid Unwarranted Sentence Disparities Among Defendants with Similar Records Who Have Been Found Guilty of Similar Conduct – §3553(a)(6).

Congress has directed sentencing courts to consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct . . . ." 18 U.S.C. § 3553(a)(6). "[T]he kind of disparity with which § 3553(a)(6) is concerned is an unjustified difference across judges (or districts) rather than among defendants to a single case." *United States v. Pyles*, 482 F.3d 282, 290 (4th Cir. 2007), *vacated on other grounds* by 552 U.S. 1089 (2008) (internal quotation marks omitted). "The Guidelines' goal of national sentencing uniformity is not aimed only at the particular criminal conduct that co-conspirators may share, but also addresses other factors that often vary between co-conspirators like acceptance of responsibility and assistance to the government*." United States v. Withers*, 100 F.3d 1142, 1149 (4th Cir. 1996).

Notwithstanding the Fourth Circuit's noted goal of avoiding unwarranted nationwide disparities, the court has numerous times considered disparities among similarly situated co-defendants to be valid challenges to procedural reasonableness of a sentence. *See, e.g.*, *United States v. Webb*, 965 F.3d 262, 271 (4th Cir. 2020) (considering defendant's "arguments regarding sentencing disparities with his co-conspirators – an argument drawn directly from the 3553(a) factors" to be a non-frivolous argument district court needed to address); *United States v. Vinson*, 852 F.3d 333, 358 (4th Cir. 2017) (rejecting argument that defendant's sentence resulted in unfair

disparity between co-defendants under 3553(a)(6) because co-defendants pleaded, but defendant went to trial); *United States v. Allmendinger*, 706 F.3d 330, 343 (4th Cir. 2013) ("Indeed, the district court specifically noted that it was considering unwarranted disparities both among defendants in general and among co-defendants within the case. We therefore conclude that the district court's explanation satisfied the requisite standard.").

As is evidenced through the Indictment, the evidence in this case, and the PSR, Harris' conduct is similar, if not nearly identical, to that of his co-conspirator and a sentence within the applicable Guidelines would ensure the avoidance of unwarranted sentencing disparities.

**D.     THE NEED TO PROVIDE RESTITUTION – §3553(a)(7).**

One of the factors that the Court must consider in fashioning a sentencing is the need to provide restitution for the victims of the offense. As will be set forth in the PSR, restitution shall be ordered as outlined in the PSR pursuant to the Mandatory Victim Restitution Act. To-date, no restitution has been paid by Harris and Durrant, and regardless of his period of incarceration, the amount of restitution owed to the victims will likely never be satisfied.

**III.    CONCLUSION.**

For the reasons stated in this memorandum, the Government believes that a sentence within the Guidelines is a sufficient but not greater than necessary sentence to comply with the relevant sentencing factors.

                        RESPECTFULLY SUBMITTED,

                        ADAIR F. BOROUGHS
                        UNITED STATES ATTORNEY

BY:   /s/ *Amy Bower*
        Amy F. Bower (Fed. Id. 11784)
        Assistant U.S. Attorney
        151 Meeting Street, Suite 200
        Charleston, South Carolina 29401
        (843) 727-4381
        Amy.Bower@usdoj.gov

Charleston, South Carolina
May 5, 2023