IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| United States of America, ) | |
| ) | |
| ) | Criminal No. 2:21-cr-712-BHH |
| v. ) | |
| ) | |
| Tyrell G. Harris, ) | **ORDER** |
| ) | |
| Defendant. ) | |
| _____ ) | |

This matter is before the Court upon Defendant Tyrell G. Harris's ("Defendant") *pro se* motion for a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(1) and Amendment 821 to the Sentencing Guidelines. (ECF No. 141.)

A defendant may seek a modification of his sentence from the court under § 3582(c)(1)(A) for "extraordinary and compelling reasons" if the defendant has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." If a defendant has administratively exhausted a claim for release (or the Government does not contest the exhaustion requirement), then the district court generally conducts a two-step inquiry when deciding whether to reduce a defendant's sentence under § 3582(c)(1)(A). *United States v. Bond*, 56 F.4th 381, 383 (4th Cir. 2023).

First, the court determines whether the defendant is eligible for a sentence reduction. "A defendant is eligible if the court finds 'extraordinary and compelling reasons warrant such a reduction,' " *id.* (quoting § 3582(c)(1)(A)), and the reduction is "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. §

3582(c)(1)(A)(i).  "Second, the court considers 'the factors set forth in section 3553(a) to the extent that they are applicable.' " *Bond*, 56 F.4th at 384 (quoting 18 U.S.C. § 3582(c)(1)(A)) (citing *United States v. Kibble*, 992 F.3d 326, 331(4th Cir. 2021)).

Here, Defendant seeks a sentence reduction based on Amendment 821 to the United States Sentencing Guidelines.  After review, however, the Court finds that Amendment 821, Part A does not apply because Defendant did not receive criminal history points for "status" pursuant to § 4A1.1(d), and the amendment does not have the effect of lowering Defendant's applicable guidelines range pursuant to U.S.S.G. §1B1.10(a)(2)(B). In addition, the Court finds that Amendment 821, Part B does not apply because Defendant, who received an adjustment under § 3A1.1 Vulnerable Victim, does not meet the criteria set forth in U.S.S.G. § 4C1.1.

Next, Defendant seeks a reduction based on Amendment 814, asserting that he is eligible for compassionate release because he is a first time offender with no criminal history who has significant ties to the community and because he received an unusually long sentence in comparison to his crime.

After review, the Court finds that Defendant has failed to establish extraordinary and compelling reasons to support a sentence reduction.  Stated plainly, Defendant's sentence already reflects Defendant's lack of criminal history, and the Court previously granted a downward departure based on Defendant's family ties.  Furthermore, the Court does not find that Defendant received an unusually long sentence under the circumstances.  As to Defendant's post-sentence rehabilitation efforts, Congress has determined that rehabilitation alone can never constitute extraordinary and compelling reasons.  *See* § 944(t).

Ultimately, the Court notes that even if Defendant could show extraordinary and compelling reasons, the § 3553(a) factors still weigh heavily against a reduction in sentence, as the nature and circumstances of Defendant's offense support his continued incarceration to protect the public and afford adequate deterrence.  .

Based on the foregoing, Defendant's pro se motion for a reduction of his sentence (ECF No. 141) is **denied**.

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
United States District Judge

July 24, 2025
Charleston, South Carolina